UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RAYMOND EDWARD RAYFORD,

    Defendant.
_____/

CASE NO. 1:06-CR-181

HON. ROBERT HOLMES BELL

# MEMORANDUM OPINION AND ORDER
# DENYING MOTION FOR REDUCTION OF SENTENCE

This matter is before the Court on defendant's Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. §3582(c)(2) (Dkt. #68). For the following reasons, the motion will be denied.

On July 11, 2007, the Court sentenced Defendant to two consecutive sixty-month terms based on two counts: possession with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1), and using, carrying, and discharging a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). (Dkt. No. 53, J.) Each count was subject to a mandatory minimum sentence of 120 months. 21 U.S.C. § 841(b)(1)(A)(iii); 18 U.S.C. § 924(c)(1)(A)(iii). However, prior to sentencing, the government moved for a downward departure from the Guidelines range and the mandatory minimum pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e). (Dkt. No. 51.)

Defendant moves for a further reduction in his sentence pursuant to Amendment 706 of the Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). However, section 3582(c)(2) does not authorize the Court to reduce the term of a sentence that was based on a statutory minimum. *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009). Because of the statutory minimum, if Defendant were resentenced under the amended Guidelines, his sentence would remain unchanged.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for reduction of his sentence (Dkt. No. 68) is **DENIED.**


DATED:   April 5, 2010              /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    UNITED STATES DISTRICT JUDGE